UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| RANDALL PATTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:11-cv-115-WGH-WTL |
| | ) | |
| JEFF KINGERY, Individually and as an Officer of the Evansville Police Department; J. WEIGANT, Individually and as an Officer of the Evansville Police Department, T. WOOD, Individually and as an Officer of the Evansville Police Department; and the CITY OF EVANSVILLE, INDIANA. | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY ON DEFENDANTS' MOTION FOR
JUDGMENT ON THE PLEADINGS**

This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, on Defendants' Motion for Judgment on the Pleadings filed April 18, 2012.[1] (Docket Nos. 36-37). Plaintiff filed his Response to Defendants' Motion for Judgment on the Pleadings on May 23, 2012. (Docket No. 43). Defendants filed their Brief in Reply on June 22, 2012. (Docket No. 47).

**I. Background**

Plaintiff was arrested on March 29, 2008, by Defendants Jeff Kingery, J. Weigant, and T. Wood for resisting law enforcement and public intoxication after

---

[1]The parties consented to jurisdiction before this United States Magistrate Judge on November 17, 2011. (Docket No. 14). U.S. District Judge William T. Lawrence entered an Order of Reference on November 21, 2011. (Docket No. 15).

the officers responded to a disturbance at a local bar. (Complaint ¶¶ 14-18). Plaintiff was subsequently charged on March 31, 2008. (Defendants' Brief in Support of Motion for Judgment on the Pleadings at Ex. A). However, the charges were eventually dismissed on September 14, 2009. (Complaint ¶ 19).

Plaintiff filed suit alleging that: (1) the individual Defendants' actions amounted to false arrest, imprisonment, malicious prosecution, and unreasonable use of force made actionable under 42 U.S.C. § 1983 as violations of the Fourth and Fourteenth Amendments; (2) the individual Defendants acted with actual malice and willful and wanton indifference to Plaintiff's constitutional rights; (3) the actions of the individual Defendants were pursuant to the policy of Defendant City of Evansville; (4) Defendants' actions amounted to a civil conspiracy to violate Plaintiff's rights; (5) the individual Defendants committed the torts of false arrest and false imprisonment in violation of Indiana law; (6) the individual Defendants' actions amounted to malicious prosecution in violation of Indiana law; (7) the individual Defendants committed assault and battery in violation of Indiana law; (8) the individual Defendants' actions amounted to intentional infliction of emotional distress; and (9) there is respondeat superior liability on the part of the City of Evansville for the individual Defendants' actions.

Defendants filed the Motion for Judgment on the Pleadings at issue here arguing that all of Plaintiff's federal claims (except for malicious prosecution) are

barred by the statute of limitations. Defendants also claim that they are entitled to judgment as a matter of law on Plaintiff's claim of malicious prosecution under federal law because Indiana law provides a cause of action for malicious prosecution. Next, Defendants claim that all of Plaintiff's state law claims (except malicious prosecution) are barred pursuant to the Indiana Tort Claims Act because Plaintiff failed to provide notice of the claims within 180 days as required by statute. Finally, Defendants argue that they are entitled to judgment as a matter of law on Plaintiff's state law malicious prosecution claim because, although Indiana recognizes the tort of malicious prosecution, Indiana courts have held that the Indiana Tort Claims Act grants immunity to the state, municipal subdivisions, and police officers in actions for malicious prosecution.

## II. Legal Standard

In reviewing a motion for judgment on the pleadings, the Court must apply the same standard that applies to a motion to dismiss under Rule 12(b)(6). *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009). Therefore, the Court must accept as true all well-pleaded facts in the Complaint and draw all possible inferences in favor of the Plaintiff. *See Lake v. Neal*, 585 F.3d 1059, 1060 (7th Cir. 2009). In other words, the question is whether the moving party is entitled to judgment as a matter of law even assuming that all of the facts are as pled by the nonmoving party.

### III. Discussion

Defendants allege that, in this case, they are entitled to judgment as a matter of law on each of Plaintiff's claims, including all claims asserting causes of action under federal law and all claims asserting causes of action under Indiana law.

### A. Plaintiff's Section 1983 Claims[2]

In order to obtain relief pursuant to 42 U.S.C. § 1983, Plaintiff must first plead: (1) the deprivation of a right; (2) secured by the Constitution or laws of the United States; and (3) which is caused by an action taken under color of state law. *Hernandez v. City of Goshen, Indiana*, 324 F.3d 535, 537-39 (7th Cir. 2003). Plaintiff has asserted federal causes of action under Section 1983 in Counts I-VI of his Complaint.

#### 1. False Arrest/False Imprisonment

Defendants' first argument is that Plaintiff's federal false arrest and false imprisonment claims are time-barred. A Section 1983 claim is governed by the statute of limitations for personal injury actions in the state in which the alleged injury occurred. *Wilson v. Garcia*, 471 U.S. 261, 276-80, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). Indiana has a two-year statute of limitations for personal injury claims, so the statute of limitations on Plaintiff's Section 1983 claims is also two years. *See* IND. CODE § 34-11-2-4.

---

[2]Plaintiff has asserted claims for false arrest, false imprisonment, excessive force, and malicious prosecution in Counts I and III of his Complaint under the U.S. Constitution as well as Section 1983. Our analysis is the same for both sets of Counts.

While state law determines the length of the limitations period, federal law determines the date on which the cause of action accrues. *Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir. 1993). A claim accrues for Section 1983 purposes "when the plaintiff knows or should know that his or her constitutional rights have been violated." *Id.* The Court, therefore, must engage in a two-step inquiry. First, the Court must identify the injury. Next, it must determine the date on which the plaintiff could have sued for that injury. "That date should coincide with the date the plaintiff 'knows or should have known' that his rights were violated." *Id.*

As the Supreme Court has explained, false arrest and false imprisonment claims accrue when the alleged false imprisonment ends. *Wallace v. Kato*, 549 U.S. 384, 399, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007). The evidence in this case reveals that as of March 31, 2008, Plaintiff's imprisonment had ended and he was bound over for trial.[3] Consequently, Plaintiff's claims of false arrest and false imprisonment accrued on March 31, 2008, and the statute of limitations on these two claims expired on March 31, 2010. Because Plaintiff did not file his Complaint until September 13, 2011, his claims of false arrest and false imprisonment brought pursuant to Section 1983 are time-barred.

---

[3]The Magistrate Judge has reviewed the state court record attached as Exhibit A to Defendants' Motion for Judgment on the Pleadings, and it reveals that Plaintiff was "not in custody" as of March 31, 2008 (and that Plaintiff posted bond on April 1, 2008). If this is incorrect, a repleading of the correct date that Plaintiff was released from custody may cause the Court to reconsider this issue.

## 2. Excessive Force

Plaintiff also alleges that the individual Defendants used excessive force in arresting him on March 29, 2008. An excessive force claim accrues immediately. *See Evans v. Poskon*, 603 F.3d 362, 363 (7th Cir. 2010). Plaintiff alleges that the only excessive force that occurred in this case was on March 29, 2008, when he was arrested. His excessive force claim must have been filed on or before March 29, 2010. Therefore, Plaintiff's excessive force claim is also barred because it was not brought until beyond the expiration of the two-year limitations period.

## 3. Malicious Prosecution

Next, Plaintiff brought a claim of malicious prosecution pursuant to Section 1983. The Seventh Circuit has explained that individuals do not have a federal right not to be "maliciously prosecuted" (*i.e.,* to be summoned into court and prosecuted without probable cause) under either the Fourth Amendment or the Fourteenth Amendment's Procedural Due Process Clause. *Tully v. Barada*, 599 F.3d 591, 594 (7th Cir. 2010). Nevertheless, the Seventh Circuit has permitted individuals to bring malicious prosecution suits under 42 U.S.C. § 1983 where state law does not provide them with a way to otherwise pursue such claims. *Newsome v. McCabe*, 256 F.3d 747, 750–51 (7th Cir. 2001) (explaining that the existence of a malicious prosecution tort claim under state law precludes any federal constitutional theory of malicious prosecution). The question, then, that must be resolved is whether Indiana provides an avenue to pursue a claim of malicious prosecution.

The Seventh Circuit has never examined whether Indiana law provides a claim for malicious prosecution and whether plaintiffs in Indiana are, therefore, precluded from bringing a malicious prosecution action under Section 1983. Indiana does, in fact, recognize the tort of malicious prosecution. *City of New Haven v. Reichhart*, 748 N.E.2d 374, 378 (Ind. 2001). However, Indiana grants absolute immunity from suits for malicious prosecution to all government entities and employees acting within the scope of their employment. IND. CODE § 34-13-3-3. So, what should the fate be for a malicious prosecution claim under Section 1983 when the state recognizes the tort of malicious prosecution but then grants absolute immunity for all government employees accused of malicious prosecution? Several courts in this District have determined that, because Indiana recognizes the tort of malicious prosecution, there is no federal claim available for malicious prosecution under Section 1983. *See Alexander v. F.B.I.*, 2011 WL 4833091 at *3 (S.D. Ind. 2011); *Bishop v. City of Indianapolis*, 2008 WL 820188 at *13-14 (S.D. Ind. 2008); *Hankins v. City of Rushville*, 2005 WL 2100068 at *2 (S.D. Ind. 2005). In *Hart v. Mannina*, 2012 WL 188055 at *6-7 (S.D. Ind. 2012), Judge William T. Lawrence explained that it is of no consequence that Indiana provides absolute immunity for government employees; so long as the tort of malicious prosecution is recognized, any claim for malicious prosecution under Section 1983 is foreclosed. This Magistrate Judge concludes that, in desiring to provide litigants with uniform treatment in

this District, under the facts alleged in this case, Plaintiff cannot bring a cause of action for malicious prosecution under Section 1983.[4]

In conclusion, all of Plaintiff's claims for false arrest, false imprisonment, excessive force, and malicious prosecution in Counts I and III of Plaintiff's Complaint must be **DISMISSED.**[5]

**B. Custom Policy or Practice Claim Against the City of Evansville**

In Count V of Plaintiff's Complaint, he alleges that it was the policy and practice of the City of Evansville "to authorize certain officers of the Evansville Police Department . . . to cover up false arrests and imprisonments of citizens and the use of excessive force in making such arrests." (Complaint ¶ 36)  To allege that a municipal policy of the City of Evansville has violated his civil rights under Section 1983, Plaintiff must demonstrate that:  (1) Evansville had an express policy that, when enforced, causes a constitutional deprivation; (2) Evansville had a widespread practice that, although not authorized by written

---

[4]But for the desire to maintain uniformity with previous decisions in this District, this Magistrate Judge would find that, where plaintiffs are essentially foreclosed from pursuing any form of malicious prosecution claim against government employees *because* of the granting of *absolute immunity* to virtually all persons who might misuse their power, a claim for malicious prosecution should be allowed to be brought as a federal claim under Section 1983.

[5]Plaintiff sought exemplary damages in Counts II and IV of his Complaint based on violation of his federal rights under the Constitution and Section 1983.  However, because Plaintiff's underlying claims under federal law in Counts I and III fail, Plaintiff's claims for exemplary damages in Counts II and IV also must fail.  *Gossage v. Little Caesar Enterprises, Inc.*, 698 F.Supp. 160, 163 (S.D. Ind. 1988)(finding that a "punitive damage claim must fail [when] there is no underlying tortious support for the award of exemplary damages.").

law or express municipal policy, is so permanent and well settled as to constitute a custom or usage within the force of law; or (3) Plaintiff's constitutional injury was caused by a person with final policymaking authority. *McCormick v. City of Chicago*, 230 F.3d 319, 324 (7th Cir. 2000). Plaintiff has made no attempt in Count V to allege that there is an express policy of the City of Evansville to cover up false arrests, false imprisonments, and incidents of excessive use of force. Plaintiff has also not alleged that any person with final policymaking authority was involved. Therefore, Plaintiff's only avenue for demonstrating a custom, policy, or practice is to point to a widespread practice that is so permanent and well settled that it becomes a custom or usage of the City of Evansville. In this instance, Plaintiff's Complaint only alleges one incident in March 2008 where he alleges that Defendants have covered up his own false arrest, false imprisonment, and injuries. Ordinarily, one incident is not sufficient to establish a custom that can give rise to a claim of an illegal custom, policy, or practice. *Williams v. Heavener*, 217 F. 3d 529, 532 (7th Cir. 2000). Therefore, Count V of Plaintiff's Complaint fails to state a plausible claim, and it must be **DISMISSED.**

### C. Civil Conspiracy

Plaintiff also alleges in Count VI of the Complaint that Defendants conspired to violate his civil rights in violation of Section 1983. (Complaint ¶ 41). Plaintiff argues that all of the federal claims in Counts I through V are incorporated into the civil conspiracy claim and that the two-year statute of

limitations did not begin to run until the charges against Plaintiff were dismissed. However, the accrual date of a civil conspiracy action is the same as that for each of the alleged underlying constitutional violations that make up the conspiracy. *Wilson v. Giesen*, 956 F.2d 738, 740 (7th Cir. 1992)(finding that a civil conspiracy claim begins when "plaintiff becomes aware that he is suffering from a wrong for which damages may be recovered in a civil action . . . ."). In this instance, all of the underlying torts occurred outside of the two-year limitations period and have been dismissed. Plaintiff's conspiracy claim, therefore, must also be **DISMISSED.**

### D. Plaintiff's Claims of False Arrest, False Imprisonment, Excessive Force, and Assault and Battery Under Indiana Law

In Counts VII and X of Plaintiff's Complaint, he has alleged that Defendants' actions amounted to false arrest and false imprisonment under Indiana law, as well as assault and battery and excessive force. Under Indiana law, claims of false arrest and false imprisonment accrue when an individual is bound over for trial. *Johnson v. Blackwell*, 885 N.E.2d 25, 31 (Ind. Ct. App. 2008). Here, the evidence clearly indicates that Plaintiff was bound over for trial on March 31, 2008. Therefore, his claims of false arrest and false imprisonment accrued on that date. As for Plaintiff's claims of assault and battery and excessive force, Plaintiff's only allegation is that the police injured him during his arrest on March 29, 2008, so those claims accrued on that date. Pursuant to the Indiana Tort Claims Act, Plaintiff's claims against a political subdivision are barred unless written notice is provided within 180 days of the occurrence of the

loss. IND. CODE § 34-13-3-8. Plaintiff admits that he did not provide notice to Defendants until March 10, 2010. (Complaint ¶ 13). Consequently, Plaintiff's claims of false arrest, false imprisonment, excessive force, and assault and battery are barred as to Defendant City of Evansville.

Furthermore, all of these claims against the individual Defendants are also barred because Plaintiff has alleged that the officers injured him while acting within the scope of their employment. The Indiana Tort Claims Act prohibits tort suits against government employees personally for conduct within their scope of employment. IND. CODE § 34-13-3-5(b).

In summary, Count VII alleging false arrest, false imprisonment, and excessive force is **DISMISSED.**[6] Count X alleging assault and battery is also **DISMISSED.**

### E. Malicious Prosecution Under Indiana Law

In Count IX of Plaintiff's Complaint, he asserts that Defendants engaged in malicious prosecution in violation of Indiana law. However, as Plaintiff now concedes, Indiana extends immunity to its political subdivisions and their police officers in actions for malicious prosecution. *Butt v. McEvoy*, 669 N.E.2d 1015, 1017 (Ind. Ct. App. 1996). Thus, Count IX of Plaintiff's Complaint is **DISMISSED.**

---

[6]As discussed above, for the same reasons that Counts II and IV seeking exemplary damages are both dismissed, Count VIII seeking exemplary damages is also **DISMISSED.**

**F. Intentional Infliction of Emotional Distress**

Next, Plaintiff argues in Count XII that Defendants' actions at the time of his alleged false arrest, false imprisonment, and excessive use of force amounted to intentional infliction of emotional distress. However, Indiana courts have found that a claim of intentional infliction of emotional distress accrues on the date the officer's allegedly wrongful actions occurred. *Johnson*, 885 N.E.2d at 31. Additionally, Plaintiff's argument that the continuing wrong doctrine can be used to extend the accrual date is unavailing. The Indiana Court of Appeals in *Johnson* rejected this very argument, explaining that "the doctrine of continuing wrong does not prevent the statute of limitations from beginning to run when the plaintiff learns of facts that should lead to the discovery of his cause of action, even if his relationship with the tortfeasor continues beyond that point." *Id.* Because Plaintiff's alleged emotional distress flowed from his March 29, 2008 arrest and ended on March 31, 2008, the continuing wrong doctrine does not apply. Count XII of Plaintiff's Complaint is **DISMISSED.**

**G. *Heck v. Humphrey***

Plaintiff makes one last ditch effort to save all of his claims by arguing that *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), would have barred him from bringing suit until after the charges against him were dismissed, and that his claims, therefore, did not accrue until all charges were dismissed. The Supreme Court has rejected this argument. In *Wallace*, 549 U.S. at 393-94, the Supreme Court explained that *Heck* only applies when

an actual conviction has, in fact, occurred. The Court explained that "the *Heck* Rule for deferral-accrual is caused only when there exists a conviction or sentence that has not been . . . invalidated, that is to say, an outstanding criminal judgment." *Id.* at 393 (internal quotations and citations omitted). However, for claims such as those in this case, the existence of ongoing criminal charges and the possibility of a future conviction does not change the accrual date. Because Plaintiff was never convicted, the accrual dates for all of his claims remain unchanged by *Heck*.

## H. Respondeat Superior Liability

Finally, because all of the underlying claims against the individual Defendants have been dismissed, Count XIII of Plaintiff's Complaint alleging respondeat superior liability on the part of the City of Evansville must also be **DISMISSED.**

## IV. Conclusion

For the reasons outlined above, Defendants' Motion for Judgment on the Pleadings is **GRANTED.**[7] Plaintiff's Complaint is **DISMISSED.** A separate Final Judgment shall issue accordingly.

**SO ORDERED.**

**Dated:** July 12, 2012

William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

---

[7]During its review, the Court noted that there was no Count XI in the Plaintiff's Complaint.

**Electronic copies to:**

Robert L. Burkart
ZIEMER STAYMAN WEITZEL & SHOULDERS
rburkart@zsws.com

John Andrew Goodridge
John Andrew Goodridge Law Office
jagoodridge@att.net

Glenn A. Grampp
lindamcgrw@yahoo.com

Jared Michel Thomas
LAW OFFICE OF JOHN GOODRIDGE
jmthomas@jaglo.com

Keith W. Vonderahe
ZIEMER STAYMAN WEITZEL & SHOULDERS
kvonderahe@zsws.com